UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

P.H., JR. (XXX-XX-8373)                 CIVIL ACTION NO. 12-cv-0026

VERSUS                                         JUDGE HICKS

U.S. COMMISSIONER, SOCIAL         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Plaintiff was born in 1956 and has a high school education. He has past work experience as a sales person. He applied for disability benefits based on mental and physical limitations. ALJ W. Thomas Bundy conducted a hearing and analyzed the claim pursuant to the five-step sequential analysis. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found that Plaintiff was not working (step one) and suffered from hearing loss, degenerative osteoarthritis, and depressive disorder, impairments that are severe (step two) within the meaning of the regulations, but not so severe to meet a listed impairment (step three) that would require a finding of disability without further analysis. The ALJ next examined the evidence and determined that Plaintiff had the residual functional capacity ("RFC") to perform the demands of light work, subject to some non-exertional impairments. He found that the RFC did not permit Plaintiff to perform his past relevant work (step four), but he could perform the demands of other jobs that exist in the economy (step five), such

as price marker and motel housekeeper, jobs that were identified by a vocational expert. Plaintiff was, therefore, found not disabled. The Appeals Council denied a request for review, making the Commissioner's decision final. Plaintiff filed this civil action to seek judicial review. It is recommended, for the reasons that follow, that the Commissioner's decision be reversed and the case be remanded.

**Issues on Appeal**

Plaintiff presents two issues on appeal. He first complains that the ALJ did not apply the proper standard at step two to determine whether he suffered from a severe impairment. Plaintiff contends in his second issue that the ALJ's assessment of his RFC is not supported by substantial evidence.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Step Two; Severe Impairment**

At step two, deciding whether a claimant suffers from severe impairments, the Fifth Circuit holds that an impairment "can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985). The Stone decision held that a literal application of the regulation would be inconsistent with the governing statutes. To ensure that the agency followed the rule articulated in Stone, the Court warned that it would assume the agency applied an incorrect standard unless the correct standard was set forth by reference to the Stone opinion or another of the same effect, or by an express statement that the construction given by Stone was used. Stone, 752 F.2d at 1106. The requirement is still in place. Loza v. Apfel, 219 F.3d 378, 390-92 (5th Cir. 2000).

Plaintiff complains that the ALJ used a step-two standard (Tr. 18) that was determined by Stone to be inadequate. As noted above, however, the ALJ ruled in favor of Plaintiff at step two by finding three severe impairments. Plaintiff does not identify any additional impairments that would have been found if the Stone standard had been applied or any other way in which the absence of a reference to Stone possibly affected the outcome of the case.

Stone does not require a remand simply because the ALJ did not use "magic words." Hampton v. Bowen, 785 F.2d 1308, 1311 (5th Cir. 1986). That is consistent with the general rule that procedural perfection in administrative proceedings is not required. The court

should not vacate a decision based on a potential procedural flaw unless the substantial rights of a party have been affected. Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989). There is no basis for remand when the ALJ has ruled for the claimant at step two and the claimant is unable to identify any additional impairments that might be severe if the Stone standard had been applied. See Taylor v. Astrue, 2012 WL 6965181, __ F.3rd __ (5th Cir. 2012) (any error by ALJ in not following Stone procedures was harmless).

**RFC**

Before going from step three to step four, the ALJ assesses the claimant's RFC by determining the most the claimant can still do despite his or her limitations. 20 C.F.R. §§ 404.1520(a)(4) and 404.1545(a)(1). The claimant's RFC is then used at steps four and five to determine if the claimant can still do his past relevant work or adjust to other jobs that exist in the national economy. 20 C.F.R. § 404.1520(e).

Determining a claimant's RFC is the ALJ's responsibility. Ripley v. Chater, 67 F.3d 552, 557 (5th Cir.1995). "The ALJ he has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." Gonzales v. Astrue, 231 Fed. Appx. 322, 324 (5th Cir. 2007). This includes the authority "to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir.1990), quoting Scott v. Heckler, 770 F.2d 482, 485 (5th Cir.1985).

Plaintiff testified at the hearing that he could stand for maybe 10 minutes before his ankle or knee would act up; he would then have to sit down and elevate his leg. He said that his feet will go to sleep if he sits too long with them on the floor, and he could not get through the day without lying down to rest. If he gets up at 8:00 in the morning he will usually lie down between 11:00 a.m. and 1:00 p.m. Tr. 36-38.

An MRI was ordered based on Plaintiff's complaints of chronic knee pain. The MRI report states that Plaintiff had "previous arthroscopy X3 for meniscal repair." The findings were advanced degenerative changes of the knee joint, with large osteophytes involving the distal femur, and a moderate sized joint effusion. There was an absence of the lateral meniscus, with prominent thinning and irregularity of the medial meniscus. Tr. 198.

Dr. Ronda Cascio completed a medical statement regarding Plaintiff's physical limitations and abilities. Her diagnosis was bipolar, deaf, carpal tunnel, degenerative joint disease, and medial meniscus injury requiring three surgeries. She indicated on the form that Plaintiff suffers from pain that is moderate (with none, mild, severe, and extreme also being choices), but she said he could not stand more than 15 minutes at a time or 15 minutes total in a workday. She indicated the same extreme 15-minute limit for sitting, and opined that Plaintiff could work no more than one hour per day. She stated that he would need to elevate his legs constantly during a workday, and he would need to lie down frequently. She indicated that he could never bend, stoop, or balance, and his lifting would be limited to 50 pounds occasionally and five pounds if on a frequent basis. Tr. 193-94.

The ALJ wrote that he afforded "little weight" to the opinion of Dr. Cascio because her assessment was "inconsistent with the totality of the evidence." He cited a perceived inconsistency between Cascio's rating of the claimant's pain as only moderate, yet imposing extraordinary physical limitations. Tr. 23. The ALJ acknowledged that there was no state agency medical consultant opinion in the record, and he did not point to any other medical source that offered findings or information about Plaintiff's abilities. He did note a lack of evidence of muscle atrophy, loss of range of motion, need for assistive device, surgeries or hospitalizations, or other factors that would support the degree of limitations claimed by Plaintiff at the hearing and Dr. Cascio in her report. Tr. 22.

The absence of such evidence may suggest limitations less than Plaintiff and Dr. Cascio claim. It is not appropriate, however, for the ALJ to form his own medical opinion about the limitations in that fashion. A remand was ordered in a similar case, Williams v. Astrue, 355 Fed. Appx. 828 (5th Cir. 2009), when the ALJ discounted the opinions of three treating physicians, parsed through the various medical tests and other records, and concluded that the claimant could perform a full range of light work. The Fifth Circuit found that, assuming the ALJ was entitled to not give controlling weight to the physician's opinions, there still must be evidence to support the finding that the claimant could stand and walk for six hours in a day. The ALJ could not rely on his own medical opinion as to those limitations. Williams relied on Ripley v. Chater, 67 F.3d 552 (5th Cir. 1995), a case in which the medical evidence established that the claimant had a problem with his back but did not

clearly establish the effect the condition had on his ability to work. The Fifth Circuit reversed and remanded to the agency with instructions to obtain a report from a treating physician regarding the effects of the claimant's back condition on his ability to work.

A remand is also appropriate in this case. The ALJ may have properly discounted Dr. Cascio's report and found Plaintiff's testimony less than fully credible, but he pointed to no positive evidence in the record that would provide substantial evidence to support findings of the lifting, standing, and other requirements of (limited) light work. The ALJ had to simply rely on his own opinion about those abilities, with no backing medical opinion, which is not permitted.

On remand, the agency may request clarification from a treating physician, obtain an opinion from a consultative physician, or both. The evidence should include a functional capacity evaluation or other statement of Plaintiff's abilities despite her limitations. On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case.").

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be reversed and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner for further proceedings.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of February, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE